[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
For the fourth time in ten years the State, either through her mother or on behalf of the minor child, Jahnishia Dillard, seeks to establish the defendant's paternity and his obligation to support his daughter either directly or by reimbursing the State for its support of her. Except from Mr. Brissett's point of view, this is not necessarily a bad thing, for all the reasons stated in Judge McWeeny's cogent opinion in Andrews-White v. Mitchell, FA 95 710468 (Judicial District of Hartford-New Britain, Nov. 13, 1995). The defendant has moved to dismiss this action, claiming a lack of subject matter jurisdiction.
The question raised by the defendant's motion is, What right does the State have to continue pursuing this issue? In this action the State claims rights under Sec. 46b-162, C.G.S., and under the common law.
Parenthetically, the file in this case contains two petitions, the first alleging the dual grounds set forth above; the second, just the statutory ground. At oral argument on his motion to dismiss the defendant claimed that the first petition had been dismissed on April 1, 1997, necessitating the filing of the second, but offered no documentation of this claim, and neither the file nor other court records reflect such court action. Therefore, I shall treat both petitions as extant and leave the reason for filing the second a mystery. CT Page 8296
The first attempt, in 1987, to establish Mr. Brissett's paternity was a petition filed by Ms. Dillard, Jahnishia's mother, apparently with state assistance. This action was dismissed "with prejudice" on August 4 of that year when Ms. Dillard, in open court, refused to affirm Mr. Brissett's paternity, stating, "I just dont want to be bothered with it (the paternity petition)". In my opinion this constituted a failure to prosecute the petition to judgment, in the language of Sec. 46b-162, and gave the State a right under that statute to institute its own proceedings against Mr. Brissett.
Apparently a second petition was brought in 1991, and Ms. Dillard was the named plaintiff. All I know about that petition is what is stated in the State's memorandum in opposition to this motion to dismiss; viz., that a default judgment entered against Mr. Brissett in 1992, but that the State agreed to a dismissal of the petition nevertheless in 1994 in the mistaken belief that the earlier dismissal had been on the merits. The defendant has not disputed this description of the demise of that petition.
The last attempt to establish Mr. Brissett's paternity before this petition was a petition brought by the State in the name of Jahnishia, and that petition was dismissed by the family support magistrate, who was upheld on appeal to the Superior Court because there is no statutory right for the State to petition on behalf of a minor child. That decision is not implicated in this action.
All of this is by way of lengthy preamble to my conclusion that nothing has happened in the years since 1987 to compromise the State's right to pursue the issue of Mr. Brissett's paternity in view of Ms. Dillard's failure to prosecute to judgment the action begun in 1987. The "prejudice" attached to the dismissal of that case affects only Ms. Dillard as a plaintiff, not the State. In view of the importance of the issues involved both to Janhishia and to the State, I do not believe that the mistakenly aborted attempt to pursue this issue in 1991 poses any legal obstacle to the State's present efforts.
Moreover, the same considerations invoked by Judge McWeeny inAndrews-White to uphold the right of a guardian to bring a common law-based paternity action, when the child's mother is dead, militate in favor of the right asserted by the CT Page 8297 State in the common law aspect of its claim in this case. I find that the State may pursue such a common law paternity claim on behalf of the minor child in this case.
Accordingly, the defendant's motion to dismiss is denied.
BY THE COURT
SHORTALL